IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>GERALD ELLIS, et al.,<br><br>          Defendants. | Case No.: C 12-5563 CW (PR)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TO APPOINT COUNSEL; AND REQUESTING ADDRESSES FOR UNSERVED DEFENDANTS<br><br>Doc. nos. 16, 17, and 24 |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at California State Prison, Substance Abuse Treatment Facility, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP), where Plaintiff was formerly incarcerated.  Plaintiff has filed motions for a preliminary injunction and to appoint counsel.  Defendants Gerald Ellis, Darrin Bright, B. Miller and Dr. M. Sepulveda have filed a motion to dismiss.[1]  Plaintiff has opposed the motion to dismiss and Defendants have opposed the motion for a preliminary injunction.[2]  In his opposition to the motion to

---

[1] Defendants Dr. T.W. Wy and T.J. Carnes have not been served.  The SVSP Litigation Coordinator returned the summons and complaints mailed to them because they are no longer employed at SVSP.  As explained below, the SVSP Litigation Coordinator is requested to send under seal the forwarding addresses for these individuals so they may be served at a current address.

[2] Plaintiff also files a "secondary reply."  Defendants have not objected to this.  The Court construes it as a supplemental opposition and considers it in deciding the motion to dismiss.

dismiss, Plaintiff moves to strike Defendants' motion. For the reasons discussed below, the Court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motions for preliminary injunction, to appoint counsel and to strike.

BACKGROUND

The following are the relevant allegations from Plaintiff's complaint. During the time period at issue, Defendants worked in the following capacities at SVSP: Gerald Ellis was the Chief Executive Officer (CEO), Dr. M. Sepulveda was the Chief Medical Officer (CMO), B. Miller was a Registered Nurse and Darrin Bright was the Americans with Disabilities Act (ADA) Coordinator.

Plaintiff is a forty-eight year old man who has been incarcerated since 1999. Due to several gunshot injuries Plaintiff sustained in 1998, he suffers from severe chronic pain in his mid and lower back and his legs are partially paralyzed. From the time Plaintiff arrived in prison, he was prescribed various pain relief medications, none of which alleviated his pain. However, in 2009, Plaintiff was transferred to California State Prison, Sacramento (CSP-Sacramento) where he was prescribed methadone, which "immensely" alleviated his pain.

In March 2010, Plaintiff was transferred back to SVSP and he continued to be prescribed methadone. However, in 2011, Plaintiff's methadone was discontinued due to SVSP correctional officers falsely stating that Plaintiff was hoarding methadone to sell to inmates. Plaintiff appealed this decision and his appeal was granted due to a lack of evidence that he was hoarding medications. He again was prescribed methadone for his pain. However, on December 24, 2011, Plaintiff saw Dr. T.W. Wy, who

2

refused to renew Plaintiff's methadone prescription because "he did not want inmates on a narcotic medication unless they were suffering from cancer, AIDS or had a major recent surgery." Compl. at ¶ 29.  Dr. Wy prescribed many other kinds of pain medication for Plaintiff, but none were effective.

Plaintiff appealed Dr. Wy's decision, but none of the appeals was granted.  The first level response to his appeal was signed by Defendant Nurse Miller, who offered Plaintiff Motrin or Tylenol for his pain, but these drugs did not alleviate Plaintiff's pain.

On March 20, 2012, Plaintiff's appeal was reviewed at the second level by Defendant CEO Ellis, who partially granted the appeal because he allowed Plaintiff to be seen by Dr. Wy.  However, the "grant" of the appeal was unacceptable to Plaintiff because Dr. Wy had originally discontinued Plaintiff's methadone prescription.

Plaintiff also alleges that, approximately eighteen months earlier, on September 9, 2010, he was interviewed and examined by Defendant ADA Coordinator Bright regarding Plaintiff's ADA status and continuing need for a wheelchair, orthopedic walker, cane, back brace, knee brace and renewal of chronos for a lower bed bunk, waist chains and soft-soled shoes.  Mr. Bright's examination of Plaintiff was extremely limited.  Nevertheless, based on this examination and "statements from SVSP Correctional Officers," Mr. Bright concluded that Plaintiff did not need any of his previously-prescribed medical apparatuses and mobility assistance devices.  Plaintiff appealed this decision and it was denied at every level of review.

3

DISCUSSION

I. Motion to Dismiss

Defendants move to dismiss on the following three grounds: (1) the complaint should be dismissed for misjoinder; (2) the complaint fails to state a claim against Dr. Sepulveda; and (3) the claim for injunctive relief should be dismissed and the motion for a preliminary injunction should be denied.

A. Misjoinder

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. See Fed. R. Civ. P. 18(a); Intercon Research Assoc., Ltd. v. Dresser Indus. Inc., 696 F.2d 53, 57 (7th Cir. 1982).

The "same transaction" requirement in Rule 20 refers to "similarity in the factual background of a claim; claims that arise out of a systematic pattern of events" and have a "very definite logical relationship" arise out of the same transaction and occurrence. Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Coughlin, 130 F.3d at 1350 and Union Paving Co. v. Downer Corp.,

4

276 F.2d 468, 470 (9th Cir. 1960)).  In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact."  Coughlin, 130 F.3d at 1351.  Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions.  Id.

Defendants argue that Plaintiff's complaint violates Rule 20(a) because it includes claims against different defendants regarding incidents that took place at different times and under different circumstances.  For instance, Plaintiff's claim against Mr. Bright involves an ADA evaluation that took place in 2010 regarding Plaintiff's continuing need for mobility assistance devices.  The facts he alleges against Nurse Miller occurred fifteen months later, in January 2012, and concerned pain medication, and his allegations against CEO Ellis and Dr. Sepulveda involve the handling of his inmate grievances regarding pain medication in March 2012.  Plaintiff argues that the requirements of Rule 20 are met because all Defendants are alleged to have been deliberately indifferent to his serious medical needs while he was housed at SVSP.

The claims against Nurse Miller, CEO Ellis and Dr. Sepulveda all involve the denial of pain medication.  Even though these claims arose from two events occurring three months apart, they have a sufficient logical relationship to each other to meet the first requirement of Rule 20.  Further, at least one question of law or fact is common to all the Defendants alleged to have denied

Plaintiff pain medication.[3]  However, the allegations against Mr. Bright concern events that occurred many months prior to the denial of Plaintiff's methadone prescription and involve the denial of mobility assistance devices under the ADA, rather than the denial of pain medication.  Therefore, Mr. Bright's denial of mobility assistance devices could not have arisen from the same transaction or events as the discontinuance of Plaintiff's methadone prescription.

Accordingly, the complaint violates Rule 20(a).  Dismissal of the entire action is not necessary, however, because the improper joinder problem can be solved by dismissing the improperly joined parties.  See Fed. R. Civ. P. 21.  To remedy the misjoined parties, the Court dismisses the claim against Mr. Bright.  See id. (misjoined parties may be dropped by the court at any stage of the action).  The dismissal is without prejudice to Plaintiff filing a new and separate lawsuit raising this claim.

B. Failure to State a Claim Against Dr. Sepulveda

1. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds

---

[3] As discussed below, the claim against Dr. Sepulveda is dismissed for another reason.

6

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104).  The "existence of chronic and substantial pain [is an] . . . indication[] that a prisoner has a 'serious' need for medical treatment." Id. at 1060.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id.  If a prison official

7

should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

       2. Analysis

Defendants argue that Plaintiff's complaint fails to allege that Dr. Sepulveda was aware of Dr. Wy's decision to stop prescribing methadone to Plaintiff.  They point out that the exhibits Plaintiff submits of appeals having to do with Dr. Wy's denial of methadone were not reviewed or signed by Dr. Sepulveda.  Thus, they argue, Plaintiff fails to allege that Dr. Sepulveda had the mental state required for deliberate indifference described in Farmer.

The four paragraphs in the complaint containing allegations against Dr. Sepulveda support Defendants' argument because they are conclusory and devoid of factual content.  See Comp. ¶¶ 25, 34, 36 and 37.  In his opposition, Plaintiff concedes that he does not allege facts or submit exhibits showing that Dr. Sepulveda knew of Dr. Wy's decision to discontinue Plaintiff's prescription for methadone.  Therefore, the claim for deliberate indifference against Dr. Sepulveda for not intervening in Dr. Wy's decision is dismissed for failure to allege facts showing deliberate indifference on the part of Dr. Sepulveda.  Because, in his opposition, Plaintiff does not argue that he can add allegations showing that Dr. Sepulveda was deliberately indifferent, leave to amend this claim would be futile.

However, in his opposition, Plaintiff points to an exhibit showing that, on October 11, 2010, Dr. Sepulveda denied, at the

8

second level of review, Plaintiff's administrative grievance regarding Dr. Bright's decision to discontinue Plaintiff's mobility assistance devices. Comp., Ex. D at 69-72. He argues that this is sufficient to state a claim for deliberate indifference against Dr. Sepulveda.

Allegations that Dr. Sepulveda was involved in reviewing and denying Plaintiff's inmate appeal cannot serve as the sole basis for liability under § 1983. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (denying claim of loss of a liberty interest in processing of inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure). However, if the individual who denied a prisoner's appeal had the authority and opportunity to prevent an ongoing constitutional violation, the prisoner may be able to establish liability by alleging that he or she knew about an existing or impending violation and failed to prevent it. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(supervisory official liable under § 1983 if he knew of a violation and failed to act to prevent it); see also Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

Therefore, Plaintiff may be able to show that Dr. Sepulveda knew of Mr. Bright's decision and failed to act to prevent it, but Plaintiff does not allege this in his complaint. Dr. Sepulveda's denial of Plaintiff's appeal is only shown by an exhibit to which Plaintiff refers in his opposition. Dr. Sepulveda cannot be required to comb through all of Plaintiff's exhibits to deduce the

9

claims Plaintiff may be alleging against him.  Rule 8's pleading standards require that allegations in the complaint be sufficient to put a defendant on notice of the claim asserted against him. Because Plaintiff's complaint includes no allegations that Dr. Sepulveda knew of Mr. Bright's decision, Plaintiff fails to state a cognizable claim of deliberate indifference against Dr. Sepulveda.

As discussed above, the claim against Mr. Bright has been dismissed without prejudice on grounds of misjoinder.  If Plaintiff files another complaint asserting his claim against Mr. Bright, he may also include in it this claim against Dr. Sepulveda.

C. Claims for Injunctive Relief

Plaintiff seeks injunctive relief in his complaint and separately moves for a preliminary injunction.  Defendants submit two arguments for dismissing Plaintiff's request for injunctive relief and denying his motion for a preliminary injunction. Because Defendants' argument in their reply is dispositive, the Court need not address the argument submitted in their motion.  In their reply, Defendants argue that Plaintiff's requests for injunctive relief are moot because he has been transferred to a different penal institution where he is receiving adequate medical treatment.

When an inmate is released from prison or transferred to another prison and no reasonable expectation nor demonstrated probability is shown that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive relief should be dismissed as moot.  Dilley v. Gunn, 64

10

F.3d 1365, 1368-69 (9th Cir. 1995); see also Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief).

In his opposition, Plaintiff acknowledges that, at his new prison, he has been referred to an orthopedic specialist, will receive "trigger point pain medication injections" within his left shoulder and lower back, will receive physical therapy treatments and has been prescribed stronger pain management medication. Opp. at 5. However, in his supplemental opposition, Plaintiff argues that his claims are not moot because he still suffers the effects of Defendants' denial of adequate care for his pain and mobility disabilities.

Money damages and injunctive relief are different remedies for Plaintiff's claims of deliberate indifference to his serious medical needs. Therefore, dismissing the "claim" for injunctive relief only dismisses that remedy and does not affect Plaintiff's claims for deliberate indifference or his request for money damages. Because Plaintiff has been transferred to an institution that is providing him with the medical treatment he has been seeking, his request for injunctive relief is no longer needed and, thus, it is moot.

Accordingly, Plaintiff's claim for injunctive relief is dismissed and his motion for a preliminary injunction is denied.

II. Plaintiff's Motion to Strike

In his opposition, Plaintiff moves to strike Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(f), on the ground that the motion is "meritless" and without foundation. Opp. at 1, 9.

11

1    Rule 12(f) provides that "the court may strike from a
2 pleading an insufficient defense or any redundant, immaterial,
3 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A
4 motion is not a pleading under Rule 12(f).  See Fed. R. Civ. P.
5 7(1), (b).  Rule 12(f) applies to pleadings, not to motions.
6 Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.
7 1983).
8    Because Rule 12(f) does not apply to motions, Plaintiff's
9 motion to strike Defendants' motion is denied.  Furthermore,
10 Plaintiff fails to identify any "insufficient defense or any
11 redundant, immaterial, impertinent, or scandalous matter" that
12 would meet the Rule 12(f) requirements.  Plaintiff's motion to
13 strike is DENIED on this ground also.

III. Plaintiff's Motion to Appoint Counsel

   Plaintiff has requested that counsel be appointed to assist him in this action because the litigation of his claims requires a medical expert and the law library resources at his prison are limited.

   The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for

discovery, nor the fact that the <u>pro se</u> litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) <u>withdrawn in part on other grounds on reh'g en banc</u>, 154 F.3d 952 (9th Cir. 1998) (en banc).

Plaintiff is capable of presenting his claims effectively, and the issues, at least at this stage, are not complex. If the circumstances of this case materially change, this decision will be reconsidered by the Court on its own motion. Therefore, the motion to appoint counsel is DENIED.

IV. Unserved Defendants

The Court notes that Defendants Dr. Wy and Mr. Carnes were not served; the SVSP Litigation Coordinator returned the summons and complaint mailed to them by the Court because they are no longer working at SVSP. Within three weeks from the date of this Order, the SVSP Litigation Coordinator is requested to file under seal the forwarding addresses for these Defendants or a declaration that the forwarding addresses are not known.

Nonetheless, Plaintiff should be aware that Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the Court can order service of process on a defendant when the plaintiff is indigent, it is the plaintiff's responsibility to provide a name and address for each defendant to be served. Plaintiff therefore must provide sufficient identifying information, including a full name and a current address for the unserved Defendants, so they can be served. Plaintiff must provide this information to the Court within four

13

weeks from the date of this Order.  If neither Plaintiff nor the SVSP Litigation Coordinator provides current addresses, the claims against any such Defendants will be dismissed without prejudice. See Fed. R. Civ. P. 4(m); Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (dismissing IFP action where inmate failed to demonstrate he provided Marshal with sufficient information necessary for service).

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Defendants' motion to dismiss is GRANTED in part.  Doc. no. 24

2. The request for injunctive relief is dismissed and the motion for a preliminary injunction is DENIED.  Doc. no. 16.

3. The motion to appoint counsel is DENIED.  Doc. no. 17.

4. The claim against misjoined Defendant Mr. Bright is dismissed without prejudice to filing in a new complaint.  The claim against Dr. Sepulveda based upon Mr. Bright's alleged unconstitutional conduct is dismissed without prejudice to filing in the same complaint.

5. Within three weeks from the date of this Order, the SVSP Litigation Coordinator will file under seal the forwarding addresses of Defendants T.W. Wy and T.J. Carnes.  If the Litigation Coordinator does not have access to any forwarding addresses for these Defendants, he or she shall so state in a declaration filed with the Court.

As stated above, although the Court has requested the Litigation Coordinator to provide forwarding addresses for the

unserved Defendants, it is Plaintiff's responsibility to provide sufficient information so the unserved Defendants may be served. Therefore, four weeks from the date of this Order Plaintiff must provide the current addresses for these Defendants.  If the Court does not receive current addresses for the unserved Defendants within four weeks from the date of this Order, the claims against them shall be dismissed without prejudice.

    6. The Clerk of the Court shall send this Order to the SVSP Litigation Coordinator as well as to Plaintiff.

    7. CEO Ellis and Nurse Miller, the remaining Defendants in this action, shall file their summary judgment motion within twelve weeks from the date of this Order.  Plaintiff's opposition is due six weeks thereafter and Defendants' reply is due two weeks later.  This schedule may be delayed by the Court if the unserved Defendants are served.

    8. This Order terminates docket numbers 16, 17 and 24.

    IT IS SO ORDERED.

Dated: 1/13/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE