IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>            Plaintiff,<br><br>     v.<br><br>GERALD ELLIS, et al.,<br><br>            Defendants. | Case No.: C 12-5563 CW (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO FILE AMENDED ANSWER, DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING UNITED STATES MARSHAL TO PERSONALLY SERVE DEFENDANTS<br><br>Doc. nos. 37 and 39 |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP), where Plaintiff was formerly incarcerated. On April 8, 2013, the Court reviewed Plaintiff's complaint and ordered service of Plaintiff's cognizable claim for deliberate indifference to his serious medical needs on Defendants Gerald Ellis, M. Sepulveda, Dr. T.W. Wy, Nurse T.J Carnes, B. Miller and Darrin Bright. See Doc. no. 5. On January 13, 2014, the Court granted, in part, Defendants' motion to dismiss, denied Plaintiff's motion to appoint counsel and requested the SVSP

Litigation Coordinator to provide, under seal, addresses for Dr. Wy and Nurse Carnes, who had not been served. See Doc. no. 29.

On February 3, 2014, the SVSP Litigation Coordinator informed the Court that he was not not able to provide the forwarding addresses of the two unserved Defendants. See Doc. no. 31.

On June 2, 2014, Defendants Ellis and Miller, the two remaining Defendants who have been served, filed a motion to amend their answer and, on June 6, 2014, they filed a motion for summary judgment. On June 20, 2014, Plaintiff filed a second motion for appointment of counsel.

## DISCUSSION

### I. Defendants' Motion to Amend Answer

Plaintiff has not opposed Defendants' Motion to Amend Answer and, for good cause appearing, the motion is granted.

### II. Plaintiff's Second Motion for Appointment of Counsel

Plaintiff requests appointment of counsel to represent him because the issues and facts are complex and he does not have the ability to investigate. Plaintiff primarily focusses on the fact that he has only been provided a portion of his medical records from SVSP, Corcoran State Prison and one other prison. He also argues that an investigator is necessary to discover the addresses of unserved Defendants T.W. Wy and T.J. Carnes. Plaintiff contends that these, and other arguments, constitute the "extraordinary circumstances" necessary for the appointment of counsel.

These arguments do not amount to exceptional circumstances, which requires an evaluation of the likelihood of the plaintiff's success on the merits and the plaintiff's ability to articulate

2

his claims in light of the complexity of the legal issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  Contrary to Plaintiff's contentions, his claim of deliberate indifference to his serious medical needs is not complex and, based upon the documents he has filed with the Court, he appears to be capable of articulating his arguments.

With this motion, Plaintiff submits documents showing that he has requested that the prison provide him with his medical records and indicates that these requests have been ignored.  Plaintiff is advised to request discovery of documents necessary for him to oppose Defendants' motion for summary judgment from Defendants by writing to Defendants' counsel.  If Plaintiff has not received the necessary discovery in time to file his opposition, he may file a motion under Federal Rule of Civil Procedure 56(d)(2) requesting additional time to obtain discovery to support his opposition.

As the Court indicated in its denial of Plaintiff's first motion for appointment of counsel, if the circumstances of this case materially change, this decision will be reconsidered by the Court on its own motion.  Accordingly, Plaintiff's second motion to appoint counsel is DENIED.

III. Unserved Defendants

As mentioned above, the Court found that Plaintiff's complaint stated a cognizable claim of deliberate indifference to his serious medical needs against Defendants Dr. T.W. Wy and Nurse T.J. Carnes and ordered the Clerk of the Court to send the complaint and request for waiver of service forms to them.  However, these Defendants are no longer at SVSP and the Litigation Coordinator cannot provide their current addresses.  Pursuant to

Rule 4(e)(2) of the Federal Rules of Civil Procedure, when a waiver has not been obtained, service may be effected by way of personal service. Plaintiff is proceeding in forma pauperis; therefore, he is entitled to such service by the United States Marshal. See Fed. Rule Civ. P. 4(c)(3). Because the Court has not received information of Defendants Dr. Wy and Nurse Carnes' last-known address or place of employment, the Court finds that service by the United States Marshal is warranted so as to obtain such information.

Good cause appearing, the United States Marshal is ORDERED to attempt to effect personal service upon Defendant Dr. T.W. Wy and Nurse T.J. Carnes who were last employed at Salinas Valley State Prison and to obtain these Defendants' current addresses in the event that they are no longer working for Salinas Valley State Prison or any other prison in California. Upon obtaining their addresses, the United States Marshal shall serve them "personally" or at their "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve their agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). If service by the United States Marshal upon these Defendants is unsuccessful, then the Court will require Plaintiff to provide these Defendants' current addresses or face dismissal without prejudice of the claims against them under Federal Rule of Civil Procedure 4(m).

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Defendants' motion to file an amended answer is GRANTED. Doc. no. 37.

4

2. Plaintiff's second motion to appoint counsel is DENIED. Doc. no. 39.

3. The United States Marshal is hereby ORDERED to attempt to effect personal service upon Defendants Dr. T.W. Wy and Nurse T.J. Carnes whose last known place of employment was Salinas Valley State Prison.  The Marshal shall obtain these Defendants' last-known address in the event that it is confirmed that they no longer work for the California Department of Corrections and Rehabilitation.  Upon obtaining the last-known address, the United States Marshal shall serve these Defendants "personally" or at their "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve their agent "authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).

The Clerk shall provide the United States Marshal with the necessary summons and copies of the complaint (docket no. 1), the Court's Order of Service dated February April 8, 2013 (docket no. 5), the Court's January 13, 2014 Order (docket no. 29) and this Order.  The United States Marshal shall comply with this Order within twenty-eight (28) days.

The Clerk shall include on the summons form, USM 285, the following special instructions:

Pursuant to Federal Rule of Civil Procedure 4(e)(2), the United States Marshal shall serve Dr. T.W. Wy and Nurse T.J. Carnes "personally" or at their "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of each of these Defendants

1  "authorized by appointment or by law to receive service of
2  process."  Fed. R. Civ. P. 4(e)(2).
3      5. This Order terminates Docket Nos. 37 and 39.
4      IT IS SO ORDERED.

6  Dated: 6/30/2014

   CLAUDIA WILKEN
   UNITED STATES DISTRICT JUDGE