IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

        Plaintiff,

  v.

GERALD ELLIS, et al.,

        Defendants.

Case No.: C 12-5563 CW (PR)

ORDER RESOLVING PLAINTIFF'S
PENDING MOTIONS; DISMISSING
CLAIMS AGAINST DEFENDANT
CARNES; DIRECTING DEFENDANTS TO
PROVIDE SUMMARIES OF
PLAINTIFF'S MEDICAL RECORDS;
DIRECTING SERVICE OF ORDER ON
CSP LITIGATION COORDINATOR

Doc. nos. 41, 48, 51, 59 and 61

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison (CSP), which is located in the Eastern District of California, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP), where he was formerly incarcerated. On April 8, 2013, the Court reviewed Plaintiff's complaint and ordered service on Defendants of his cognizable claim for deliberate indifference to his serious medical needs. See Doc. no. 5. On January 13, 2014, the Court granted, in part, Defendants' motion to dismiss, denied Plaintiff's motions for a preliminary injunction and to appoint counsel and asked the SVSP Litigation Coordinator to provide, under seal, addresses for Dr. Wy and Nurse Carnes, who had not been served. See Doc. no. 29.

On February 3, 2014, the SVSP Litigation Coordinator informed the Court that he was not not able to provide the forwarding addresses of the two unserved Defendants. See Doc. no. 31.

United States District Court
For the Northern District of California

On June 2, 2014, Defendants Ellis and Miller, the two remaining Defendants who have been served, filed a motion to amend their answer, which the Court granted.  On June 6, 2014, Defendants Ellis and Miller filed a motion for summary judgment.

On June 20, 2014, Plaintiff filed a second motion to appoint counsel and, on June 26, 2014, he filed a second motion for preliminary injunction and to add defendants.  On June 30, 2014, the Court denied Plaintiff's second motion for appointment of counsel and directed the United States Marshal to serve Defendants Wy and Carnes personally.  On July 15, 2014, Defendant Wy was served by the Marshal.  However, the Marshal could not locate Defendant Carnes.

On July 16, 2014, Plaintiff filed a document entitled, "Objections," which requests reconsideration of the Court's Orders granting Defendants' motion to file an amended answer and denying Plaintiff's second motion for appointment of counsel.  On July 21, 2014, Plaintiff filed a motion for a protective order, for a restraining order and for the return of his property.  On August 11, 2014, Plaintiff filed a motion to compel defense counsel to provide Plaintiff with access to his medical and central files and his legal materials.  Defendants have opposed Plaintiff's last four motions.  Finally, on August 4, 2014, Plaintiff filed a motion for an extension of time to file an opposition to Defendants' motion for summary judgment and for a copy of his motion for preliminary injunction.

DISCUSSION

I. Motion for Preliminary Injunction and to Add Defendants

In this motion, Plaintiff seeks a preliminary injunction against medical personnel at CSP, who allegedly are deliberately

**United States District Court**
For the Northern District of California

1  indifferent to his serious medical needs, and he seeks to add
2  these individuals as defendants in this action.  Doc. no. 41.

3       The allegations in this motion focus on CSP staff's denial of
4  Plaintiff's mobility accommodations.  However, the issue in this
5  case is whether Defendants were deliberately indifferent to
6  Plaintiff's serious medical need for treatment of his chronic
7  pain.  The Court dismissed for misjoinder Plaintiff's claims based
8  on denial of mobility accommodations because they were unrelated
9  to his claims regarding chronic pain treatment.  See Doc. no. 29
10 at 5-6.  Therefore, Plaintiff's motion to add CSP medical staff as
11 Defendants is denied under Federal Rule of Civil Procedure 20,
12 which provides that defendants may be included in one action if
13 (1) any right to relief is asserted against them "arising out of
14 the same transaction, occurrence, or series of transactions or
15 occurrences; and (2) any question of law or fact common to all
16 defendants will arise in the action." Fed. R. Civ. Pro. 20(a)(2).
17 Plaintiff's motion to sue CSP staff in this action fails to meet
18 either of these requirements.  Therefore, the motion to add them
19 is denied.

20      Plaintiff's motion for a preliminary injunction against CSP
21 staff is denied because they are not parties to this action.  See
22 Fed. R. Civ. P. 65(d) (an injunction is binding only on the
23 parties to the action, their officers, agents, servants, employees
24 and attorneys).  Furthermore, the proper venue for a civil rights
25 action against individuals at CSP would be the Eastern District of
26 California, where CSP and these individuals are located.

27      Plaintiff also asks to add Shaka Camara, Chief Support
28 Executive at SVSP, as a defendant.  Plaintiff indicates that

United States District Court

For the Northern District of California

Defendants' amended answer informed him, for the first time, that Defendant Ellis did not review his second level administrative appeal, but that it was reviewed by Shaka Camara on behalf of Defendant Ellis.  Defendants argue this request must be denied because Plaintiff failed to submit a proposed amended complaint with his motion as required by Civil Local Rule 10-1.  Defendants also argue that it would be improper to allow Plaintiff to plead factually inconsistent allegations in his complaint, that is, that Defendant Ellis and Shaka Camara both denied his second-level administrative appeal, when only one person denied the appeal. Defendants suggest that, if Plaintiff wants to amend his complaint to conform to the facts of Defendants' amended answer regarding Camara, he should dismiss his inconsistent claim against Defendant Ellis.

Because Plaintiff's request to add Shaka Camara does not meet the requirements of Civil Local Rule 10-1, it is denied.  However, denial is without prejudice for Plaintiff to re-file a motion for leave to amend with a proposed amended complaint.  If Plaintiff is allowed to file an amended complaint, it will completely supersede all allegations and claims in his previous complaint, so that his proposed amended complaint must restate all the allegations and claims from his previous complaint and may not incorporate any part of it by reference.  See Civ. L. R. 10-1.

For all of these reasons, the motion for a preliminary injunction and to add defendants is denied but the motion to amend to add Shaka Camara as a defendant is denied without prejudice.

II. Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's order granting Defendants leave to file an amended answer and of the Court's order denying Plaintiff's second motion for appointment of counsel.  Doc. no. 48.

Plaintiff fails to provide good cause for the reconsideration of the order granting Defendants leave to file an amended answer. Therefore, this motion is denied.

Plaintiff's motion for appointed counsel relies, among other things, on the fact that he has a voluminous medical file and that some of the doctors' writings and abbreviations are difficult for him to read.  Plaintiff's argument regarding his medical records is well-taken.  The records may also be difficult for the Court to read.  In lieu of appointing counsel, however, the Court directs Defendants to file with the Court and to serve on Plaintiff typed summaries of Plaintiff's relevant medical records.  These summaries are due within twenty-eight days of the date of this Order.  If Plaintiff believes Defendants have omitted any relevant records, he shall so inform Defendants and the Court within two weeks after his receipt of their summaries.  Within two weeks thereafter, Defendants shall respond.

The Court has reconsidered the denial of Plaintiff's motion for appointment of counsel and does not change its ruling. However, it has formulated a procedure for addressing one of Plaintiff's main concerns.

III. Motion for Protective and Restraining Orders and Return of
Property

Plaintiff requests protective and restraining orders against
officers at CSP who allegedly are retaliating against him for
refusing to accept a new cellmate by taking his personal and legal
property from his cell.  Doc. no. 51.  Plaintiff's motion cannot
be granted because he seeks to enjoin the conduct of prison
officials who are not parties to this action.  <u>See</u> Fed. R. Civ. P.
65(d) (an injunction is binding only on the parties to the action,
their officers, agents, servants, employees, and attorneys).  As
explained previously, the proper venue for a civil rights action
against CSP employees would be the Eastern District of California.

However, the Court notes that, in order to litigate this
case, Plaintiff must have his legal papers and documents, writing
implements and writing paper, and access to the law library.
Therefore, the Litigation Coordinator at CSP shall be served with
this Order.

Plaintiff's motion for injunctive relief is DENIED.

IV. Motion to Compel

Plaintiff moves, under Federal Rule of Civil Procedure 37(a),
to compel defense counsel to provide him access to his central and
medical files and his legal papers which allegedly have been
confiscated by CSP staff.  Defendants oppose on the ground that
Plaintiff has not served them with a formal discovery request or
attempted to meet and confer with them as is required by Rule 37.

This motion is Plaintiff's further attempt to obtain access
to his central and medical files and legal materials.  The Court
has addressed these concerns in its response to Plaintiff's
previous motions.  That is, Defendants are required to summarize
and provide to Plaintiff and the Court the relevant portions of

United States District Court
For the Northern District of California

Plaintiff's medical files and the CSP Litigation Coordinator is being served with this Order.

Therefore, the motion to compel is denied.  Denial is without prejudice to bringing a new motion to compel in the future, if, after Plaintiff follows the procedures set forth in Rule 37, Defendants do not provide him with the requested discovery.

V. Plaintiff's Motion for Extension of Time

Plaintiff requests an extension of 120 days from the date he receives and finishes reviewing his central and medical files to file his opposition to Defendants' summary judgment motion. Plaintiff explains that he has been asking to review his central file since October 2013 and this request has not yet been granted. He has also been attempting to review his medical records and has not been able to do so.  Plaintiff states that he has written to defense counsel for help in obtaining these documents, but has not received a response.  He reiterates that his legal papers have been confiscated by CSP staff.

Plaintiff does not explain how information in his central file is relevant to the medical treatment for his chronic pain, the issue in this case.  Until Plaintiff explains such relevance, his lack of access to his central file will not be addressed.

Plaintiff's lack of access to his medical records is addressed by the procedure explained above, requiring Defendants to summarize Plaintiff's medical records.  Furthermore, this Order will be served on the CSP Litigation Coordinator, which may remedy Plaintiff's alleged lack of access to his legal papers, writing implements and the law library.

United States District Court
For the Northern District of California

1    Plaintiff's request for an extension of time to file his

2  opposition is appropriate, but the length of time he requests is

3  unreasonable.  Therefore, Plaintiff's opposition is due twenty-

4  eight days from the date he receives Defendants' final summary of

5  his medical records.  Because it may take fifty-six days (eight

6  weeks) for Defendants to file with the Court and serve on

7  Plaintiff all the medical report summaries, Plaintiff's opposition

8  is due eighty-four days (twelve weeks) from the date of this

9  Order.

10    Plaintiff also requests that the Court send him a copy of his

11  motion for preliminary injunction.  This request is granted.

12    Therefore, this motion is granted, in part.

13 VI. Dismissing Claims Against Unserved Defendant Carnes

14    In its January 13, 2014 Order, the Court noted that the SVSP

15  Litigation Coordinator had returned the summons and complaint

16  mailed to Defendant Carnes because she no longer worked at SVSP.

17  Doc. no. 29 at 13.  In the same Order, the Court informed

18  Plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m),

19  it was his responsibility to provide the address for each

20  defendant to be served.  The Court ordered Plaintiff to provide

21  sufficient identifying information for Defendant Carnes within

22  four weeks from the January 13, 2014 Order.  Plaintiff has failed

23  to do so.  The Court also ordered the Litigation Coordinator to

24  provide Defendant Carnes' current address.  After the Litigation

25  Coordinator informed the Court that he could not provide a current

26  address for Defendant Carnes, the Court directed the United States

27  Marshal to serve Defendant Carnes personally.  On July 21, 2014,

28

the summons was returned unexecuted with a remark from the United States Marshal that Defendant Carnes could not be located.

Two attempts to serve Defendant Carnes have been unsuccessful and Plaintiff has not provided a current address for her. Accordingly, the claims against Defendant Carnes will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motion for a preliminary injunction and for leave to amend to add defendants is denied.  However, the motion for leave to amend to add Shaka Camara as a defendant is denied without prejudice.  Plaintiff may, but is not required to, file a motion to amend his complaint with a proposed amended complaint conforming to the requirements explained above.

If Plaintiff wishes to file such a motion, he shall do so twenty-one days from the date of this Order and shall use the caption, "Renewed Motion for Leave to File Amended Complaint to add Shaka Camara as a Defendant."  The caption of the proposed complaint shall include the case number of this case, No. 12-5563 CW (PR), and the words "Proposed Amended Complaint."

2. Plaintiff's motion for reconsideration is denied.

3. Plaintiff's motion for protective and restraining orders and for return of property is denied.

4. Plaintiff's motion to compel is denied without prejudice.

5. Plaintiff's motion for extension of time to file opposition is granted, in part.

1    6. Within twenty-eight days from the date of this Order,

2 Defendants shall file with the Court and serve on Plaintiff typed

3 summaries of Plaintiff's medical records that are relevant to the

4 claims presented in this case.  If Plaintiff believes Defendants

5 have omitted any relevant records, he shall so inform Defendants

6 within two weeks after his receipt of the summaries.  Defendants

7 shall respond two weeks thereafter.

8    7. Plaintiff's opposition to Defendants' motion for summary

9 judgment is due eighty-four days (twelve weeks) from the date of

10 this Order.

11    8. A copy of this Order shall be served on the CSP Litigation

12 Coordinator.

13    9. The claims against Defendant Carnes are dismissed without

14 prejudice to Plaintiff's refiling them when he can provide a

15 current address where she can be served.

16    10. The Clerk of the Court shall send Plaintiff a copy of his

17 motion for preliminary injunction, doc. no. 41.

18    11. This Order terminates docket numbers 41, 48, 51, 59 and

19 61.

20    IT IS SO ORDERED.

21

22 Dated:  8/29/2014

23                                        CLAUDIA WILKEN

24                                        UNITED STATES DISTRICT JUDGE

25

26

27

28