UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>GERALD ELLIS, et al.,<br><br>        Defendants. | Case No.  12-cv-05563-CW<br><br>ORDER RE POTENTIAL BAR UNDER SECTION 1915(G) |

    Plaintiff Edward Thomas, a state prisoner currently incarcerated at Corcoran State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP), where Plaintiff was formerly incarcerated.  On April 8, 2013, the Court granted Plaintiff's motion to proceed in forma pauperis (IFP).  On the same day, the Court found Plaintiff had stated cognizable claims for deliberate indifference to his serious medical needs and directed that the complaint be served on Defendants.  On January 13, 2014, the Court dismissed claims against two Defendants.  On June 6, 2014, Defendants SVSP CEO Gerald Ellis and SVSP Nurse B. Miller filed a motion for summary judgment.  On September 22, 2014, Plaintiff filed a renewed motion for leave to file an amended complaint.  On October 23, 2014, Defendant Dr. T.W. Wy filed a motion for summary judgment.

It has now come to the Court's attention that, under 28 U.S.C. § 1915(g), Plaintiff may not be eligible for IFP status. The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation.  The word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes.  Id.  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district

court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him. Id. Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action IFP under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

In another case filed by Plaintiff, Thomas v. Sepulveda, C 14-1157 CW (PR), the Court recently found that he was precluded from IFP status because he had three previous cases that counted as strikes under § 1915(g) and he was not in imminent danger at the time he filed his complaint. The Court found the following cases to be strikes: (1) Thomas v. Terhune, case no. 03-cv-5467 (E.D. Cal.) (complaint dismissed for failure to state a claim on which relief may be granted); (2) dismissal of the appeal in Thomas v. Terhune, case no. 06-1501 (9th Cir. 2006) (Ninth Circuit determined Plaintiff not entitled to IFP on appeal, Plaintiff did not pay filing fee and appeal dismissed for failure to prosecute); and (3) denial of the appeal in Thomas v. Lamarque, case no. 07-16437 (9th Cir. 2007) (Ninth Circuit determined appeal not taken in good faith, revoked Plaintiff's IFP status and dismissed appeal for failure to prosecute after Plaintiff failed to pay filing fee).

In light of these three previous cases, within twenty-eight

days from the date of this order, Defendants are ordered to file a brief on the question whether Plaintiff's IFP status should be revoked.  This brief should include a discussion of any additional strike cases not discussed by the Court and whether Plaintiff was in imminent danger at the time he filed his complaint.  Plaintiff's response is due twenty-eight days after Defendants file their brief.  Defendants shall file a reply fourteen days after Plaintiff files his brief.  The matter will then be taken under submission.  If Plaintiff does not file a response to Defendants' brief within twenty-eight days, his IFP status will be revoked under § 1915(g) and his case will be dismissed without prejudice to his filing a new complaint accompanied by the full filing fee.

In light of this Order, the briefing schedules for the pending motions are stayed.  If it is determined that Plaintiff cannot proceed IFP, the pending motions will become moot.  If Plaintiff is able to proceed IFP, the Court will set new briefing schedules for the pending motions.

IT IS SO ORDERED.

Dated: October 29, 2014

_____
CLAUDIA WILKEN
United States District Judge