UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,

  v.

GERALD ELLIS, et al.,

    Defendants.

Case No. 12-cv-05563-CW (PR)

ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISSING COMPLAINT

Plaintiff Edward Thomas, a state prisoner currently incarcerated at Corcoran State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP), where he was formerly incarcerated. On April 8, 2013, the Court granted Plaintiff's motion to proceed in forma pauperis (IFP). On the same day, the Court found Plaintiff had stated cognizable claims for deliberate indifference to his serious medical needs based on the denial of pain medication and directed that the complaint be served on Defendants.[1] Subsequently, Defendants filed a motion for summary judgment.

On October 29, 2014, the Court issued an order directing Defendants to address whether Plaintiff's IFP status should be

---

[1] The Court has dismissed Plaintiff's other claims including a claim under the Americans with Disabilities Act.

revoked pursuant to 28 U.S.C. § 1915(g) based on its ruling in another case filed by Plaintiff, Thomas v. Sepulveda, 2014 WL 5409064, *2-4 (N.D. Cal.), that he had three previous cases that counted as strikes under 28 U.S.C. § 1915(g).  In their responsive brief, Defendants argue that Plaintiff's IFP status should be revoked because he is a three-strike litigant under § 1915(g) and his complaint does not allege that he is in imminent danger.  Plaintiff has filed an "objection" to Defendants' response and a surreply.

## LEGAL STANDARD

A prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may count under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation; the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g)

2

purposes, so the mere fact that a plaintiff has filed many cases does not alone warrant dismissal under § 1915(g). Id. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action IFP under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).

## DISCUSSION

I. Plaintiff's Strikes

Based on the Court's finding in Thomas v. Sepulveda, 2014 WL 5409064 (N.D. Cal.), that Plaintiff is a three strikes litigant under § 1915(g), Defendants argue that he is collaterally estopped from arguing that he does not have three strikes. In Sepulveda, the Court found the following cases qualified as strikes under § 1915(g): (1) Thomas v. Terhune, case no. 03-cv-5467 (E.D. Cal.) (complaint dismissed for failure to state a claim on which relief may be granted); (2) dismissal of the appeal in Thomas v. Terhune, case no. 06-1501 (9th Cir. 2006) (Ninth Circuit determined Plaintiff not entitled to IFP on appeal, Plaintiff did not pay filing fee and appeal dismissed for failure to prosecute); and (3) denial of the appeal in Thomas v. Lamarque, case no. 07-16437 (9th Cir. 2007) (Ninth Circuit determined appeal not taken in good faith, revoked Plaintiff's IFP status and dismissed appeal for failure to prosecute after

3

1  Plaintiff failed to pay filing fee).

2  For collateral estoppel to bar relitigation of an issue, the following elements must be satisfied: (1) the issue at stake must be identical to the one alleged in the previous litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted; and (3) the determination of the issue in the previous case must have been a critical and necessary part of the judgment. Trevino v. Gates, 99 F.3d 911, 923 (9th Cir. 1996).

A comparison of this case with Thomas v. Sepulveda shows all of the collateral estoppel requirements are satisfied. Plaintiff was the adverse party in Sepulveda, and the parties in that case litigated the same issue that is currently before this Court, that is, whether Plaintiff brought at least three actions or appeals that were dismissed on the ground that they were frivolous, malicious or failed to state a claim for relief. Sepulveda, 2014 WL 5409064, at *1-2. That determination was a critical and necessary part of the judgment because it directly resulted in the dismissal of Plaintiff's action. Id. at *5. The judgment in Sepulveda is final; on January 14, 2015, Plaintiff's appeal was dismissed because it was "so insubstantial as to not warrant further review." In re Edward Thomas, No. 09-80085 (9th Cir. 2015).

Furthermore, in Sepulveda, the Court already determined that Plaintiff was collaterally estopped from challenging his three-strike status based on the findings in two other previous district court cases, Thomas v. Felker, No. 09-cv-2486 FEC-CKD-P (E.D. Cal.), and Thomas v. Beutler, No. 10-cv-1300 MCE-CKD (E.D.

4

Cal.).  Sepulveda, 2014 WL 5409064, at *3-4.  Therefore, collateral estoppel bars Plaintiff from litigating whether the three cases addressed in Sepulveda qualify as strikes under § 1915(g).

Defendants also submit that a fourth case qualifies as a strike, Thomas v. Lamarque, No. C 04-4339 VRW (N.D. Cal.), where, on initial review, the court found that the allegations in Plaintiff's complaint, at most, constituted negligence, but not deliberate indifference to his health, and dismissed the complaint for failure to state a claim for relief under § 1983.  See Defs.' Request for Judicial Notice (RJN), Ex. 1 at 001-007.[2] A dismissal for failure to state a claim for deliberate indifference where the allegations might state a claim for negligence qualifies as a strike under § 1915(g).  See Fahie v. Mercy Hosp., 2011 WL 355822, *1 (E.D. Cal.); Eagleman v. Sandstrom, 2013 WL 2350377, *3 (D. Mont.).  Therefore, Plaintiff has at least four cases that qualify as strikes under § 1915(g).  He may proceed under IFP status only if he was in imminent danger at the time he filed his complaint.

II. Imminent Danger

A plaintiff who has three strikes under § 1915(g) may still proceed IFP by showing that he or she "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  This

---

[2] Defendants request judicial notice, under Federal Rule of Evidence 201, of proceedings in this Court and other district courts and the Ninth Circuit Court of Appeals.  This request is granted.  See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (court may take judicial notice of proceedings in other courts if they have a direct relation to the matters at issue); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

exception only "applies if the complaint makes a plausible allegation that the prisoner faced imminent physical danger at the time of filing" the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The complaint is the focus of the inquiry. Id.; Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). The plaintiff must show a nexus between the imminent danger alleged in the complaint and the claims it asserts. Pettus v. Morgenthau, 554 F.3d 293, 299 (2nd Cir. 2009). This means that the plaintiff must show that (1) the imminent danger of serious physical injury is fairly traceable to the unlawful conduct asserted in the complaint and (2) a favorable judicial outcome would redress that injury. Id.

Under certain circumstances, imminent danger may arise from the denial of medical treatment for serious or life-threatening diseases. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (withdrawal of medications for HIV and hepatitis); Ciapaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (denial of medication for psychiatric disorders caused plaintiff heart palpitations, chest pains and paralysis). However, the exception does not apply where the prisoner is receiving medical treatment but disputes the quality of treatment he is receiving. See Ball v. Famiglio, 726 F.3d 448, 468 (3rd Cir. 2013) (allegations of disagreements about quality of medical care insufficient to show imminent danger); Brown v. Beard, 492 F. Supp. 2d 474, 478 (E.D. Pa. 2007) (same).

In his complaint, filed on October 29, 2012, Plaintiff alleges the following. Plaintiff suffers from acute chronic pain in his mid and lower back and lower extremities due to gunshot

6

injuries he received before his incarceration. Since his incarceration in 1999, he has been treated with various pain management medications. In 2009, Plaintiff was prescribed methadone, which worked very well in alleviating his pain. In 2011, when Plaintiff was transferred to SVSP, medical staff decreased and then discontinued his methadone prescription because they did not want inmates taking narcotic medication. Instead, Plaintiff was treated with a number of other pain medications but none of them adequately controlled his pain. As relief, Plaintiff requests damages and an injunction ordering Defendants "to reinstate and provide Plaintiff with effective pain management medication, methadone (20 mg am, 20 mg noon, 20 mg bedtime) and that said methadone pain medication be increased as needed to alleviate Plaintiff's ongoing daily severe excruciating pain and suffering." Comp. at 30.

In summary, Plaintiff alleges that he is receiving medical treatment for his chronic pain, but that he disagrees with the type of medication the medical staff is prescribing for him. These allegations are insufficient to show an imminent danger of serious physical injury. See Ball, 726 F.3d at 468 (allegations of disagreement about quality of medical care insufficient to show imminent danger). Courts have rejected similar arguments of imminent danger. See e.g., Jackson v. Jin, 2014 U.S. Dist. LEXIS 44109, *6-7 (W.D.N.Y.) (denying imminent danger claim where plaintiff alleged he was being treated with pain medications, but not to his satisfaction); Tripati v. Hale, 2013 U.S. Dist. LEXIS 113101, *7-8 (W.D. Pa.) (finding no imminent danger where plaintiff had been seen many times by medical staff for chronic-

7

1   pain treatment and only disputed the quality of his medical care,
2   including pain management).

3   In his opposition, Plaintiff does not address the
4   allegations in his complaint, but argues that the eleven non-
5   steroidal anti-inflammatory (NSAID) medications that Defendants
6   prescribed for him in place of methadone caused many side
7   effects, ranging from chest pains to nose bleeds and seizures.
8   Opp. at 12-13.  Citing Plata v. Schwarzenegger, 2005 WL 2932253
9   (N.D. Cal.), Plaintiff also argues that these dangerous side
10  effects are an ongoing physical danger at his present
11  institution, Corcoran State Prison, because the health care
12  system of the California Department of Corrections and
13  Rehabilitation (CDCR) is under federal receivership.  Opp. at 38-
14  39.  These post-hoc claims of imminent danger, which are not
15  alleged in the complaint, do not satisfy the imminent danger
16  exception.

17  Furthermore, Plaintiff's allegations of dangerous side-
18  effects cannot support the imminent danger exception because they
19  are implausible.  See Andrews, 493 F.3d at 1057 n.11 (assertions
20  of imminent danger may be rejected as overly speculative when
21  they are supported by implausible allegations).  Most
22  importantly, Plaintiff admits that, when he complained of a
23  drug's side effects, his doctors discontinued it and prescribed a
24  replacement medication.  Opp. at 12-13.  His assertion that the
25  side effects are an ongoing danger at Corcoran State Prison due
26  to the federal receivership of the CDCR's health care system is
27  conclusory and without merit.
28  For all of these reasons, Plaintiff's complaint fails to

allege that he was in imminent danger at the time he filed it. Accordingly, under § 1915(g), Plaintiff's IFP status is revoked and he is barred from proceeding IFP in this action.

When IFP status is revoked pursuant to § 1915(g), the district court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. See Tierney, 128 F.3d at 1311 (under § 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees). Because Plaintiff's IFP status is revoked pursuant to § 1915(g), the Court does not address Defendants' alternative argument that Plaintiff's history of abusive litigation also warrants revocation of his IFP status.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Order entered on April 8, 2013 (Doc. No. 4), granting Plaintiff leave to proceed IFP, is VACATED and Plaintiff's IFP status is REVOKED.

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions, enter a separate judgment and close the file.

IT IS SO ORDERED.

Dated: February 26, 2015

CLAUDIA WILKEN
United States District Judge

9